UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS RAMSEY, *et al.*, | : | Case No. 1:13-cv-806 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JAMES DEURMIER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 12); (2) ORDERING THAT THIS CASE BE REMANDED TO THE COMMON PLEAS COURT OF BUTLER COUNTY, OHIO; AND (3) ORDERING THAT DEFENDANT'S MOTION TO DISMISS (Doc. 13) BE TERMINATED ON THE COURT'S DOCKET AS MOOT**

This civil case is before the Court on Plaintiffs' Motion to Remand (Doc. 12) and the Motion of Defendant TRICARE Management Activity ("TRICARE") to Dismiss (Doc. 13).  TRICARE filed a Response to Plaintiffs' Motion to Remand.  (Doc. 14). Plaintiffs did not file a reply in support of its Motion to Remand and the time for doing so has expired.  Plaintiffs responded to this Court's Order to Show Cause directing them to show cause as to why TRICARE's Motion to Dismiss should not be granted.  TRICARE filed no response to Plaintiffs' response to the Court's Order to Show Cause and the time for doing so has expired.  The pending Motions are now ripe for decision by the Court.

**I. FACTS AND BACKGROUND**

Plaintiff Curtis Ramsey and his wife Millie Ramsey (hereinafter referred to collectively as "Plaintiffs") originally brought this action in the Common Pleas Court of

Butler County, Ohio. The case arises from an automobile accident that occurred in Fairfield, Ohio on May 6, 2011. (Doc. 2). Plaintiffs allege that Curtis Ramsey suffered injuries in the accident, and that Defendant James Deurmier ("Deurmier") caused the accident by failing to yield the right of way. (*Id.*)

In addition to naming as a Defendant, Plaintiffs also sued TRICARE because it allegedly paid for medical expenses on behalf of Plaintiffs following the accident. Plaintiffs allege that TRICARE may have a subrogation interest in the proceeds of the litigation, and Plaintiffs "demand that TRICARE set forth and prove its subrogation interest or forever be barred from recovering it." (*Id.*)[1]

A certified mail receipt indicates that Plaintiffs sent service of the Complaint to TRICARE Management Activity at 5111 Leesburg Pike, Falls Church, Virginia. (Doc. 1-4). The certified mail receipt was signed for as received on March 20, 2013. (*Id.*) On

---

[1] TRICARE's lien arises pursuant to the Medical Care Recovery Act ("MCRA"), 42 U.S.C. § 2651(a). To enforce its right under the MCRA:

> The United States may . . . intervene or join in any action or proceeding brought by the injured or diseased person . . . against the third person who is liable for the injury or disease or the insurance carrier or other entity responsible for the payment or reimbursement of medical expenses or lost pay; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished or paid for by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease or the insurance carrier or other entity responsible for the payment or reimbursement of medical expenses or lost pay, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors.

42 U.S.C. § 2651(d). The "express terms" of the MCRA "only provide for recovery by the United States and do not authorize a private suit against the United States." *Grant v. United States*, No. 2:11-cv-360, 2012 WL 5289309 (E.D. Cal. Oct. 23, 2012).

TRICARE has moved to dismiss the claims asserted against it on the basis that sovereign immunity bars Plaintiffs' claim. (Doc. 13). Plaintiffs concede that the substance of TRICARE's Motion has merit. (Doc. 16, PAGEID 210). TRICARE's position appears supported by the aforementioned authorities, but because removal to this Court is untimely, the Court makes no ruling as to the propriety of Plaintiffs' claims against TRICARE.

November 5, 2013, TRICARE filed a Notice of Removal in the state court asserting that removal was sought pursuant to 28 U.S.C. §§ 1441, 1442(a) and 1446(a). (Doc. 1). TRICARE asserts that jurisdiction in the district court is proper because the claim or right at issue arises under the laws of the United States. *See* 28 U.S.C. § 1331.[2]

## II.  ANALYSIS

Plaintiffs move the Court to remand this case to the state court on the basis that TRICARE's Notice of Removal is untimely pursuant to 28 U.S.C. § 1446.  To remove, a defendant must file a notice of removal in the district court " within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).  "[F]ailure to file for removal within the thirty-day period, while waivable by plaintiff, is a formal barrier to the exercise of federal jurisdiction."  *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, 1991 WL 112809, *3 (6th Cir. June 26, 1991).

TRICARE argues that its Notice of Removal is proper because Plaintiffs failed to properly serve TRICARE with process in the state court.  According to TRICARE, Plaintiffs can properly serve it only by serving the General Counsel of the Department of Defense pursuant to 32 C.F.R. § 257.5(a).  That regulation states that "[t]he General Counsel, Department of Defense, shall accept service of process for the OSD [Office of the Secretary of Defense]" and that such responsibility "may not be redelegated[.]"  32

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

C.F.R. § 257.5(a); *see also Wright v. Tricare Management*, No. 06-cv-1051, 2007 WL 725797, *2 (W.D. Ark. Mar. 7, 2007).

It is well established that "[i]n determining the validity of service in [a] state court prior to removal, a federal court must apply the law of the state under which the service is made." *Vitek v. AIG Life Brokerage*, No. 2:06-cv-0615, 2007 WL 682431, *2 (S.D. Ohio Feb. 27, 2007) (citing 4A Wright & Miller, *Federal Practice and Procedure* § 1082 (1969); *Allen v, Ferguson*, 791 F.2d 611 (7th Cir. 1986)); *see also Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1282 (9th Cir. 1980) (stating that "[i]f process was properly issued and timely served under state law prior to removal, such service remains sufficient afterwards, as common sense dictates, 28 U.S.C. § 1448 assumes, and *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967), implies"); *Wilson v. United States Dept. of Agric.*, 584 F.2d 137 (6th Cir. 1978). Here, TRICARE fails to cite any authority for its asserted proposition that 32 C.F.R. § 257.5(a) applies to service of process in Ohio state courts. *See Wilson*, 584 F.2d at 140-141 (concluding that, in the absence of explicit statutory authority, the Secretary of Agriculture has no power to prescribe rules of procedure governing service of process in state court").

Plaintiffs argue that TRICARE was properly served pursuant to Ohio R. Civ. P. 4.2(O), which states that service upon a governmental entity "shall be made . . . by serving the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity." Further, "[s]ervice upon any person who is a member of the 'group' or 'body' responsible for the

4

administration of the entity shall be sufficient." Ohio R. Civ. P. 4.2(O).  Plaintiffs argue that the certified mail service on "TRICARE's legal department satisfies the Ohio requirement for service."

The "TRICARE program" is "the managed health care program that is established by the Department of Defense under the authority of [Chapter 55, Title 10 of the United States Code], principally section 1097 of this title[.]" 10 U.S.C. § 1072(7).  "TRICARE is the United States Department of Defense's health care program for active and retired members of the Armed Services, their families, and survivors." *Axiom Resource Management, Inc. v. United States*, 78 F.3d 576, 578 (2007) (citing 32 C.F.R. § 199.17 (2006)).  As set forth in 10 U.S.C. § 1073(b), "the Secretary of Defense shall have responsibility for administering the TRICARE program and making any decision affecting such program."

However, the Secretary of Defense further delegated administration of the TRICARE program to TRICARE Management Authority.  *See* 32 C.F.R. § 199.17(w); *Baptist Physician Hosp. Org. v. Humana Military Healthcare Services*, 481 F.3d 337, 340 (6th Cir. 2007) (stating that "TRICARE Management Activity . . . is the government office charged with the responsibility of administering TRICARE"); *N. Mich. Hospitals, Inc. v. Health Net Fed. Services, LLC*, 344 F. App'x 731, 734 (3rd Cir. 2009) (stating that "TRICARE is managed and administered by the TRICARE Management Activity (TMA), which is a field office in the Defense Department").  Accordingly, the Court

5

concludes that service upon TRICARE Management Activity was proper service upon TRICARE in the state court action prior to removal pursuant to Ohio R. Civ. P. 4.2(O).

TRICARE was served on March 20, 2013.  However, TRICARE did not file its Notice of Removal until November 5, 2013, well beyond the thirty day time period for removal under 28 U.S.C. § 1446.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). Accordingly, Plaintiffs' Motion to Remand (Doc. 12) is well-taken and must be granted.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 12).  The Court **ORDERS** that this case be **REMANDED** to the Butler County, Ohio Court of Common Pleas.  Because this case must be remanded as untimely removed, the Court makes no finding as to TRICARE's Motion to Dismiss (Doc. 13) and **ORDERS** that the Clerk terminate the Motion on this Court's docket as **MOOT**.  Nothing in this Order should be construed as a denial of TRICARE's Motion to Dismiss on the merits.

**IT IS SO ORDERED.**

Date:  2/18/14_____          \_\_*/s/ Timothy S. Black*\_\_\_\_\_
                                                                              Timothy S. Black
                                                                              United States District Judge